*Order RFD*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

DEC 1 6 2003

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

| | | |
|---|---|---|
| UNITED GAMEFOWL BREEDERS ASSOCIATION, INC., et al., | * | |
| | * | CIVIL ACTION NO. 03-CV-970 |
| Plaintiff, | * | |
| | * | JUDGE DOHERTY |
| v. | * | |
| | * | MAGISTRATE JUDGE HILL |
| ANNE VENEMAN, IN HER OFFICIAL CAPACITY AS SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, | * | |
| | * | |
| PETER FERNANDEZ, IN HIS OFFICIAL CAPACITY AS ACTING ADMINISTRATOR OF THE ANIMAL AND PLANT HEALTH INSPECTION SERVICE, and | * | |
| | * | |
| | * | |
| JOHN ASHCROFT, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, | * | |
| | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \*

### THE HUMANE SOCIETY OF THE UNITED STATES'S
### MOTION TO INTERVENE

The Humane Society of the United States ("HSUS"), pursuant to Fed. R. Civ. P. 24 (a) and (b), moves to intervene in the captioned action. The HSUS seeks to intervene in order to protect its interest in the constitutionality of provisions of the Animal Welfare Act ("AWA"), 7 U.S.C. § 2131 *et seq.*, being challenged in this proceeding.



:99419938-1

1

1.     Plaintiffs  United Gamefowl Breeders Association, Inc. *et al.*, have brought this action seeking to have certain provisions of the AWA declared unconstitutional.

2.     The HSUS seeks to intervene to protect the longstanding interest of its members in protecting animals from the very cruelty guarded against by the AWA.

WHEREFORE, The HSUS respectfully requests that the Court grant The HSUS permission to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), or, in the alternative, that the Court grant The HSUS permission to intervene pursuant to Federal Rule of Civil Procedure 24(b) and  the Court's discretion.

Respectfully submitted,

By: _____
Mary Ellen Roy, T.A. (No. 14388)
PHELPS DUNBAR LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534
(504) 584-9254
(504) 568-9130  (fax)

*Attorneys for Intervenor*
*The Humane Society of the United*
*States*

Of Counsel:

Mark D. Colley, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C.  20006
Tel.: (202) 955-3000
Fax: (202) 955-5564

J. Brett Grosko, Esq.
Holland & Knight LLP
701 Brickell Avenue
Suite 3000
Miami, Florida  33131
Tel: (305) 374-8500
Fax: (305) 789-7799

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of December, 2003, served a copy of the foregoing pleading on the Hon. Judge Rebecca F. Doherty by Federal Express, and upon counsel for all parties to this proceeding by facsimile and United States mail, properly addressed, and first-class postage prepaid.

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

DEC 1 6 2003

ROB... ...WELL, CLERK
BY _____ DEPUTY

**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| UNITED GAMEFOWL BREEDERS ASSOCIATION, INC., et al., | * | |
| | * | CIVIL ACTION NO. 03-CV-970 |
| Plaintiff, | * | |
| | * | JUDGE DOHERTY |
| v. | * | |
| | * | MAGISTRATE JUDGE HILL |
| ANNE VENEMAN, IN HER OFFICIAL CAPACITY AS SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, | * | |
| | * | |
| PETER FERNANDEZ, IN HIS OFFICIAL CAPACITY AS ACTING ADMINISTRATOR OF THE ANIMAL AND PLANT HEALTH INSPECTION SERVICE, and | * | |
| | * | |
| | * | |
| JOHN ASHCROFT, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF THE UNITED STATES, | * | |
| | * | |
| Defendants. | * | |

*    *    *    *    *    *    *

**MEMORANDUM IN SUPPORT OF**
**THE HUMANE SOCIETY OF THE UNITED STATES'S**
**MOTION TO INTERVENE**

The Humane Society of the United States ("HSUS"), submits this Memorandum in Support of its motion to intervene in the captioned action. The HSUS seeks to intervene in order to protect its interest in the constitutionality of provisions of the Animal Welfare Act ("AWA"), 7 U.S.C. § 2131 *et seq.*, being challenged in this proceeding.

# **TABLE OF CONTENTS**

Page

I.   THE HSUS SHOULD BE GRANTED PERMISSION TO INTERVENE
     AS OF RIGHT. ................................................................................  5

     A.   The HSUS's Motion For Intervention is Timely. ........................  5

     B.   The HSUS Has a Strong Institutional Interest Relating to the
          Subject Matter of this Lawsuit. ................................................. 7

     C.   The HSUS's Interest May Be Impaired if it is Not Permitted to
          Intervene............................................................................ 14

     D.   The HSUS's Interest May Not Be Adequately Represented. ......  16

II.  IN THE ALTERNATIVE, THE HSUS SHOULD BE PERMITTED TO
     INTERVENE PURSUANT TO THE COURT'S DISCRETION UNDER
     FEDERAL RULE OF CIVIL PROCEDURE 24(B)(2)........................ ... 19

III. CONCLUSION ......................................................................... ... 20

# TABLE OF AUTHORITIES

## Cases

*Ceres Gulf and ESIS/INA v. Cooper*, 957 F.2d 1199 (5th Cir. 1992)................. 5

*Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior*, 100 F.3d 837 (10th Cir. 1996)............................  8, 17

*Herdman v. Town of Angelica*, 163 F.R.D. 180 (W.D.N.Y. 1995).................... 10

*Idaho Farm Bureau Federation v. Babbitt*, 58 F.3d 1392
(9th Cir. 1995)............................................................................. 7, 10, 18

*Johnson et al v. City of Dallas, Texas et al*, 155 F.R.D. 581
(N.D. Tex. 1994)................................................................................  8

*Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094 (9th Cir. 2002). .........   19

*League of United Latin American Citizens, Counsel No. 4434, et al, v. Clements*, 884 F.2d 185 (5th Cir. 1989). ...........................................   19, 20

*McDonald v. E.J. Lavino Co. et al*, 430 F.2d 1065
(5th Cir. 1970)................................................................................6

*Meek v. Metropolitan Dade County*, 985 F.2d 1471
(11th Cir. 1993) ............................................................................. 10

*Michigan State AFL-CIO v. Miller*, 103 F.3d 1240 (6th Cir. 1997)................  9

*New York Public Interest Research Group, Inc. v. Regents*,
516 F.2d 350 (2d Cir.1975)................................................................. 10

*Orleans Public Service, Inc. v. United Gas Pipeline Co., Inc.*,
732 F.2d 452 (5th Cir.1984)................................................................ 20

*Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action*, 558
F.2d 861 (8th Cir. 1977)................................................................10, 17

*Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994)...........................   *passim*

*South Dade Land Corp. v. Sullivan*, 155 F.R.D. 694
(S.D. Fla. 1994)................................................................................10

*Swann v. City of Dallas et al*, 172 F.R.D. 211 (N.D. Tex. 1997)................ 7

*T. Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624
(S.D. Iowa 1993) ............................................................................19

*Trbovich v. United Mine Workers*,
404 U.S. 528 (1972)........................................................................17

*United States v. Reserve Mining Company*, 56 F.R.D. 408
(D. Minn. 1972)........................................................................... 18

*United States ex rel. Burr v. Blue Cross and Blue Shield of Florida, Inc.*, 153
F.R.D. 172 (M.D. Fla.1994)..............................................................7

*Utah Association of Counties v. Clinton*, 255 F.3d 1246
(10th Cir. 2001)................................................................... 8, 9, 17

## Other Authorities

Animal Welfare Act ................................................................. 1 , 7, 20

Federal Rule of Civil Procedure 24(a) ...........................................   *passim*

Federal Rule of Civil Procedure 24(b) ...........................................   *passim*

*Prohibition of Interstate Movement of Live Birds for Animal Fighting: Hearing on
H.R. 1275 Before the Comm. on Agric.*, 106th Cong. (2000)............... 15, 16

## I.     THE HSUS SHOULD BE GRANTED PERMISSION TO INTERVENE AS OF RIGHT.

The HSUS meets all the requirements for intervening as of right.  A party seeking to intervene as of right under Rule 24(a)(2) must show that (1) its application to intervene is timely; (2) the intervenor has an interest relating to the property or transaction that is the subject of the action; (3) the party is so situated that disposition of the action may, as a practical matter, impede or impair its ability to protect that interest; and (4) its interest is represented inadequately by the existing parties to the suit. *Sierra Club v. Espy*, 18 F.3d 1202, 1204-05 (5th Cir. 1994); *Ceres Gulf and ESIS/INA v. Cooper*, 957 F.2d 1199, 1202-04 (5th Cir. 1992).  If he establishes each of the four requirements, the district court must allow him to intervene.  *Sierra Club v. Espy*, 18 F.3d at 1204-05.

### A.     The HSUS's Motion For Intervention is Timely.

As the Fifth Circuit has emphasized, the main focus of the timeliness analysis is whether prejudice would result to the parties:

> The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention "where no one would be hurt and greater justice could be attained."

*Sierra Club v. Espy,* 18 F.3d at 1205, *quoting McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970).[1]  In general, "intervention of right under Rule

---

[1] The HSUS has worked with reasonable dispatch in making this motion.  The Court did not rule on whether Plaintiffs had standing to challenge the AWA's constitutionality until August 29, 2003.  [D.E. 14].  Thus, The HSUS had no way of knowing whether this matter would proceed past the preliminary stages, and its interests would be implicated, until then.  The (cont'd)

24(a) must be granted unless the petition to intervene would work a hardship on one of the original parties." *McDonald v. E.J. Lavino Co. et al*, 430 F.2d 1065, 1073 (5th Cir. 1970).

Here, the parties will not be prejudiced by The HSUS's intervention. Defendants will not be prejudiced, as their ability to advance their positions will not be impaired.   Nor will The HSUS's participation disrupt the Court's discovery schedule, because none has taken place.   Furthermore, the Court will have ample time to decide this motion before the parties submit trial briefs.[2]  If permitted to intervene, The HSUS's trial brief would presumably be due along with that of the Defendants on January 26, 2004.  [D.E. 17].   In February 2004, the Plaintiffs will have the opportunity to file a reply brief addressing The HSUS's arguments.  *Id.*  Thus, no prejudice to the Plaintiffs will result.[3]

---

Fifth Circuit has said that intervention before it is necessary is disfavored. *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (noting "[c]ourts should discourage premature intervention that wastes judicial resources").   The HSUS used the intervening period to retain *pro bono* counsel, conduct conflict clearances, gather pertinent materials, and draft the present motion and attached Declaration of Wayne Pacelle. *Cf. Swann v. City of Dallas et al*, 172 F.R.D. 211, 213 (N.D. Tex. 1997) (finding motion timely when filed five months after interest in lawsuit became apparent).

[2] The trial briefs will constitute the parties' first opportunity to argue the merits of this case. The only issues decided since the filing of the complaint on May 23, 2003, are: (1) whether a temporary restraining order was warranted to enjoin enforcement of the AWA; and (2) whether the Plaintiffs have standing to challenge the constitutionality of the AWA.  Plaintiffs cannot claim that they were prejudiced by The HSUS's absence.   The Court denied Plaintiffs' application for a temporary restraining order on May 30, 2003.  [D.E. 5].  Similarly, the Court ruled on August 23, 2003, that all Plaintiffs except for one had sustained their burden of proving that they have standing. [D.E. 14].

[3] *Cf. Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) (permitting intervention where motion filed before any rulings on substantive matters).

By contrast, however, The HSUS will be prejudiced should intervention be denied.  Its ability to participate fully in these proceedings, and in any appeal from this Court's decision, would be diminished.  For The HSUS, defending the *bona fides* of the statute at issue is more than a matter of mere advocacy, it goes to the organization's longstanding core values of protecting animals from cruelty.  Fundamentally, The HSUS is the representative of the animals that the challenged statute was intended to benefit.

Additionally, as outlined in more detail below, greater justice would be attained by permitting The HSUS's participation.  The HSUS has for many years lobbied the United States Congress for enactment of the challenged legislation and participated in its enforcement.  The HSUS was intimately involved in the consideration, debate, and passage of the 2002 AWA amendments, which are at the heart of Plaintiffs' due process and equal protection claims.  The HSUS also works tirelessly in cooperation with federal and state authorities to promote and enforce the laws banning animal fighting. In sum, to deny The HSUS's motion to intervene would deny the Court a key viewpoint and could unnecessarily reduce the quality of the Court's ultimate decision.

**B.    The HSUS Has A Strong Institutional Interest Relating To The Subject Matter Of This Lawsuit.**

A party seeking to intervene must show that it has a "direct, substantial and legally protectible interest" in the subject matter of the action.  *Sierra Club v. Espy*, 18 F.3d 1202, 1207; *see also Blue Cross*, 153 F.R.D. at 175, citing *Chiles*, 865 F.2d 1213.  "The interest prong of the analysis is primarily a

practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Johnson et al v. City of Dallas, Texas et al*, 155 F.R.D. 581, 583 (N.D. Tex. 1994).

Multiple courts and jurisdictions recognize that the "interest" requirement of Rule 24(a)(2) is satisfied when an organization like The HSUS seeks to protect the interests it advocates in the context of litigation that challenges those interests. The Tenth Circuit, applying the same "interest" standard under Rule 24(a)(2) adopted in the Fifth Circuit, had occasion to develop this analysis in *Coalition of Arizona/New Mexico Counties for Stable Economic Growth v. Department of Interior*, 100 F.3d 837 (10th Cir. 1996). In *Coalition of Arizona*, "a naturalist who has been at the forefront of efforts to protect the Owl under the Act" sought to intervene in a suit challenging the protection of the Mexican spotted owl under the Endangered Species Act. 100 F.3d at 841. The petitioning intervenor sought "to advocate the Owl's protection from his perspective as the Owl's most ardent supporter" and argued that this "advocacy for the Owl establishes his interest for the purpose of Rule 24 (a)(2)." *Id.* at 843. Describing the petitioning intervenor's multiple efforts on the owl's behalf, the court agreed and held that this "persistent record of advocacy for its protection amounts to a direct and substantial interest in the listing of the Owl for the purpose of intervention as of right . . . ." *Id.*

This analysis was developed further in *Utah Association of Counties v. Clinton*, 255 F.3d 1246 (10th Cir. 2001). In that case the petitioning intervenors were public interest organizations seeking "to further their

environmentalist and conservationist goals by preserving the undeveloped nature of the lands encompassed by" a national monument being challenged. 255 F.3d at 1251. They supported intervention by describing their "vocal and outspoken" advocacy and involvement in the contested government decisions. The court concluded that intervention of right was appropriate:

> [W]e find persuasive those opinions holding that organizations whose purpose is the protection and conservation of wildlife and its habitat have a protectable interest in litigation that threatens those goals. *See, e.g., Mausolf v. Babbitt,* 85 F.3d 1295, 1302 (8th Cir. 1996) (conservation groups seeking to preserve wilderness nature of national park had requisite interest in lawsuit seeking to undo snowmobiling restrictions); *Sagebrush Rebellion, Inc. v. Watt,* 713 F.2d 525, 527-28 (9th Cir. 1983) (National Audubon Society had sufficient interest in lawsuit challenging withdrawal of federal land to create bird conservation area).

255 F.3d at 1252. The Court noted that the intervenors' "interest" for purposes of Rule 24(a)(2) is measured by whether the claimed interest relates to the subject of the action. In that case, the intervenors claimed an interest relating to the national monument "by virtue of their support of its creation [and] their goal of vindicating their conservationist vision ...." *Id.* at 1253.

A number of other decisions have similarly recognized that an intervenor's interest in the subject of litigation for purposes of Rule 24(a)(2) can be demonstrated through association with and advocacy related to the contested issue. *See Michigan State AFL-CIO v. Miller,* 103 F.3d 1240 (6th Cir. 1997) (Chamber of Commerce's substantial interest in litigation challenging constitutionality of statute was demonstrated by prior participation in related

political activity and other advocacy); *Idaho Farm Bureau Federation v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995) ("public interest group is entitled to intervene in an action challenging the legality of a measure it has supported"); *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1480 (11th Cir. 1993) (intervention appropriate based on interest in "maintaining the election system that governed their exercise of political power . . ."); *Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action*, 558 F.2d 861, 869 (8th Cir. 1977) (association with "professed purpose . . . to preserve property values and insure that abortion facilities do not affect the health, welfare and safety of citizens" had sufficient interest to intervene in action challenging constitutionality of restrictive zoning ordinance); *New York Pub. Interest Research Group, Inc. v. Regents*, 516 F.2d 350 (2d Cir. 1975) (pharmacists association allowed to intervene in consumers' challenge of a state regulation regarding prescription drug price advertising); *Herdman v. Town of Angelica*, 163 F.R.D. 180, 187 (W.D.N.Y. 1995) (interest sufficient for intervention in action concerning waste site permitting was demonstrated by the interests of organization's members in town character and their historic advocacy on the matters at issue); *South Dade Land Corp. v. Sullivan*, 155 F.R.D. 694, 696 (S.D. Fla. 1994) (public interest organizations had sufficient interest to intervene in action challenging Federal water project in Florida Everglades based on interests in park and wildlife conservation (citing *Sagebrush Rebellion*)).

The HSUS has an active, longstanding and continuous interest in the subject matter of the Federal statute being challenged.   The HSUS is the

Nation's largest animal protection organization, with more than seven million members in the United States, and has worked to combat animal fighting since the organization's inception in 1954. (Exhibit 1, Declaration of Wayne Pacelle, ¶¶ 3 and 4.) It has undeniable interests in measures that curtail animal cruelty and that facilitate enforcement of laws that prohibit such conduct, interests which plainly are at issue in this action.

In 1976, when the AWA was amended to prohibit interstate commerce involving fighting animals, The HSUS actively supported that effort through lobbying and investigations. (Ex. 1, ¶ 5.)

Since 1976, The HSUS has been leading the effort to ban or curtail animal fighting. In connection with the 2002 AWA amendments challenged in this proceeding, The HSUS actively and extensively supported that legislative move. Beginning in 1999, The HSUS initiated the effort to amend Section 26 of the AWA by closing a loophole allowing interstate transport of fighting birds and exports of fighting birds or dogs. The HSUS aggressively lobbied in support of this legislation, which included hundreds of letters to and meetings with members of Congress and their staff by HSUS representatives, letters and other communications to Congress from HSUS members, and a national media campaign. The HSUS secured endorsements for the legislation from multiple law enforcement agencies, animal control and animal welfare organizations, and other groups. (Ex. 1, ¶ 6.) The HSUS also was called to testify before the House Committee on Agriculture, which conducted hearings on this legislation

in September, 2000.   The HSUS's efforts continued into the next Congress when the AWA amendments were adopted, and since then.   (*Id.*)

The HSUS continues actively to support the objectives of the contested AWA provisions.   This has included successful efforts to secure Congressional approval for funds earmarked to enforce Section 26 of the AWA, as well as providing tips on specific cases of animal fighting ventures to USDA.   The HSUS was also instrumental in supporting recent legislation banning the interstate sale of videos depicting animal cruelty, including dogfighting and cockfighting depictions. (Ex. 1, ¶ 7.)

At the state level, The HSUS has provided active support to strengthen state laws against animal fighting.   Since 1997, The HSUS has helped secure passage of thirty-seven state laws strengthening prohibitions on animal fighting.   Three of these measures (in Arizona, Missouri and Oklahoma) were statewide ballot initiatives in which HSUS volunteers collected over 300,000 signatures to meet qualification standards.   Advocacy by The HSUS has led to enactment of dozens of state statutes directed at curbing animal fighting. (Ex. 1, ¶ 8.)

The HSUS has also been deeply involved in seeking effective implementation of the AWA animal fighting provisions and other laws directly banning such practices.   The HSUS provides certified training on the subject of Illegal Animal Fighting Investigation for local, state, and federal law enforcement officers and prosecutors throughout the country.   HSUS courses on Illegal Animal Fighting and on Animal Cruelty and Human Violence have

been certified by the California Commission on Peace Officer Standards and Training and the California District Attorneys Association, as well as by accrediting organizations in other states.  In addition, HSUS training materials and instructors are part of the National Cruelty Investigations School, a partnership of the University of Missouri School of Law – Extension Division, Law Enforcement Training Institute, and Humane Society University.  (Ex. 1, ¶ 9.)

HSUS training and educational materials (including training videos and investigation manuals for law enforcement) are considered the primary materials on animal fighting within the law enforcement community.  HSUS staff have provided training on an international level as well, with seminars given in countries including Canada and Brazil.  Law enforcement officers have worked regularly with The HSUS in past cases to benefit from the HSUS training and additional assistance in large multi-jurisdictional cases.  (Ex. 1, ¶ 10.)

The HSUS heads up the National Illegal Animal Fighting Task Force (NIAFTF), an information sharing network started by The HSUS.  Currently, the NIAFTF consists of more than 200 members/member agencies whose ranks include local, state and federal law enforcement officers, prosecutors, and judges.  The second meeting of the NIAFTF was recently held in New Orleans, Louisiana in conjunction with a full-day HSUS training course.  (Ex. 1, ¶ 11.)

The HSUS has worked with authorities to support enforcement actions against dozens of illegal animal fighting operations, including the provision of

undercover investigators at more than 100 illegal cockfights across the country.  The HSUS has been involved in dozens of busts of cockfighting and dogfighting operations over the years.  Most recently, this activity included major investigations into two very large cockfighting operations in Napa County involving a combined total of approximately 3,500 fighting cocks.  The HSUS worked with the Napa County Sheriff's Department during the planning stages of the investigations through the execution of the search warrants and the subsequent court proceedings, which are expected to continue well into 2004. The HSUS also worked closely with prosecutors in California, Nevada, and other states on a number of cockfighting and dogfighting cases throughout the year.  This has involved countless hours in reviewing criminal cases, consultations, providing expert testimony and other support.  (Ex. 1, ¶ 12.)

The HSUS plainly has a direct, substantial and legally protectible interest in the subject matter of this action: laws established to deter animal cruelty in the form of animal fighting by prohibiting interstate and foreign commerce in such animals.  It is The HSUS that represents the interests that the challenged statutes were enacted to address.

### C.    The HSUS's Interest May Be Impaired if it is Not Permitted to Intervene.

The standard for the impairment prong is "that the applicant must be so situated that the disposition of the action *may*, as a practical matter, impair or impede his ability to protect [its] interest." *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (emphasis added). Clearly, The HSUS's interest in preventing animal fighting may be impaired if it is not allowed to intervene.

Congressional testimony from 2002 on the challenged legislation demonstrates that a principle objective of both The HSUS and Congress was to eliminate a then-existing loophole in federal law.  This loophole permitted the interstate transport of game fowl for fighting purposes from states where game fowl fighting was illegal to states where game fowl fighting was legal.  Congress removed the loophole in order to facilitate enforcement of state-level bans on the fighting and breeding of game cocks, among other reasons.[4]  As the bill's prime sponsor Congressman Collin Peterson stated:

> [T]he reason for this legislation is that people . . . when they try to prosecute [state cock fighting bans], people use the excuse that they are raising these chickens to send them to a State where it is legal.  That is what the underlying problem is.  That is all we are trying to do, is give the prosecutors – close the loophole that is now being used against them. . . . We are just trying to help [state law enforcement officials] with their job.[5]

Should the Court find Section 26 of the AWA unconstitutional, this loophole would be reopened and The HSUS's ability to deter the incidence of animal fights occurring across the country will be weakened.  As outlined above, The HSUS has long been involved in enacting and strengthening state animal fighting laws, training state law enforcement officials, and working closely with state officials in conducting investigations and raids.  This interest

---

[4] *Prohibition of Interstate Movement of Live Birds for Animal Fighting: Hr'g on H.R. 1275 Before the Comm. on Agric.*, 106th Cong. 16-17, 18-19, 33-34, 39, 41-42, 48, 56 (2000) (statements of Wayne Pacelle, Senior Vice-President for Communications and Government Affairs for The Humane Society of the United States; Sherry Schleuter, Criminal Investigations Section Supervisor, Broward Cty. Sheriff's Department, Fort Lauderdale, Florida; the Hon. Collin Peterson, U.S. Representative from Minnesota) (Copy attached as Exhibit 2).

[5] *Id.* at 39.

15

would be harmed because the AWA as amended in 2002 serves to prevent circumvention of these state-level bans.  These bans embody The HSUS's core mission: the protection of animals from human cruelty.  The HSUS's inability to defend the AWA would therefore significantly curtail its ability to fulfill its fundamental role.

Finally, the United States may decide, for its own reasons, not to appeal any adverse decision.  The government may do so as an outgrowth of a general lack of enthusiasm toward Section 26 of the AWA, to conserve litigation resources, or due to shifting political pressures.  If The HSUS is not allowed to intervene to protect the AWA, The HSUS may see its appellate rights impaired. *See Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (noting that among the legal rights associated with formal intervention is the ability to appeal).

**D.    The HSUS's Interest May Not Be Adequately Represented.**

It is clear that neither existing party can adequately represent The HSUS's interests.  The Fifth Circuit has said that "the applicant has the burden of demonstrating inadequate representation, but this burden is 'minimal.' " *Sierra Club v. Espy*, 18 F.3d 1202, 1207.  The *Espy* court continued, "[t]he applicant need only show that representation 'may be' inadequate." *Id.*

Here, Plaintiffs' position is in diametric opposition to The HSUS, advocating the unconstitutionality of legislation that The HSUS fought for years to have enacted.  On the other hand, while the Department of Agriculture may feel generally obligated to defend the AWA, as does The HSUS, it represents far

broader governmental interests, and thus cannot necessarily be counted on to represent the interests of individuals opposing animal cruelty and fighting.

There is widespread recognition that the government is not ordinarily aligned with, and thus may not adequately represent, a private intervenor's independent interests. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n. 10 (1972) (union member's interest not adequately represented by Secretary of Labor, who had a "duty to serve two distinct interests, which are related, but not identical:" the union member's interest and the general public's interest); *Sierra Club v. Espy*, 18 F.3d at 1208 ("The government must represent the broad public interest, not just the economic concerns of the [intervening] timber industry."); *Planned Parenthood of Minnesota, Inc.*, 558 F.2d at 870 (private intervenor defending against constitutional challenge to city ordinance inadequately represented by city).

Animal welfare and environmental groups such as The HSUS have long been recognized as having interests that differ from those of the government. *E.g. Utah Ass'n of Counties*, 255 F.3d at 1254-55 (presumption of adequate representation where intervention applicant and existing party share same objective is rebutted where broad public interest represented by the government may differ from intervenor's more particular interest) (*citing* multiple authorities); *Coalition of Arizona*, 100 F.3d at 845 (government represents public interest, which may differ from that of environmental advocate).

Here, the U.S. Department of Agriculture ("USDA") represents all interested parties, include the regulated community. In contrast, The HSUS's sole constituency is its members, whose sole interest is the subject animals themselves.

Furthermore, while the U.S. government has done some admirable work in the field, due to lack of funding and focus, it has demonstrated a lack of vigor regarding enforcement of the ban on interstate transport of fighting game fowl. (Ex. 1, ¶ 13.) The USDA has been charged with enforcing Section 26 of the AWA since 1976. Yet, since that time – twenty-seven years – the USDA has pursued only a handful of cases – almost all relating to dogfighting. *Id.* This is the case even though cockfighters have been blatantly and unabashedly violating the proscriptions against interstate and foreign transport of fighting birds. *Id.* To illustrate the ongoing, widespread illegal activity, The HSUS reviewed the October 2003 issues of the three major national cockfighting magazines, and found seventy-four advertisements promoting the sale of gamecocks. *Id.* The USDA could pursue cases against virtually all of these individuals, given the transparency of their intentions to sell fighting birds in violation of federal law, but there has been no enforcement action to date. *Id.* USDA has demonstrated neither interest in the subject nor expertise in identifying and prosecuting cases. *Id.*; *see also Idaho Farm Bureau Fed'n*, 58 F.3d at 1398 (finding inadequacy of government's representation due in part to U.S. Fish and Wildlife Service's past lack of vigor in protecting species); *United*

*States v. Reserve Mining Company*, 56 F.R.D. 408 (D. Minn. 1972) (differing government attitude on appropriate relief).

Given the Government's evidently limited enthusiasm for the challenged legislation, the multiple and conflicting interests it must represent due to its very nature, and the possibility that its position and level of advocacy may be subject to change due to altering political considerations, the interests that The HSUS seeks to represent may not be adequately represented by the U.S. Government.

## II.   IN THE ALTERNATIVE, THE HSUS SHOULD BE PERMITTED TO INTERVENE PURSUANT TO THE COURT'S DISCRETION UNDER FEDERAL RULE OF CIVIL PROCEDURE 24(B)(2).

Should the Court decline to grant The HSUS intervention as of right, the Court should still grant The HSUS's motion pursuant to the Court's discretion under Federal Rule of Civil Procedure 24(b)(2). *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110-11 (9th Cir. 2002) (denying intervention of right to environmental group, but granting permissive intervention).[6]

"Rule 24 is to be construed liberally with all doubts resolved in favor of permitting intervention." *T. Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624, 626 (S.D. Iowa 1993) (in permissive intervention context), *citing Arkansas Elec. Energy Consumers v. Middle South Energy, Inc.*, 772 F.2d 401, 404 (8th Cir. 1985). "When acting on a request for permissive intervention, a district court

---

[6] A party seeking to intervene under rule 24(b)(2) must show that its claim or defense and the main action have a question of law or fact in common. If the Court agrees, it will then determine whether in its discretion it should allow intervention. *Johnson et al v. City of Dallas, Texas et al*, 155 F.R.D. 581, 586 (N.D. Tex. 1994); *see also Blue Cross*, 153 F.R.D. at 176, quoting *Chiles*, 865 F.2d at 1213.

should consider, among other factors, whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues." *League of United Latin American Citizens, Counsel No. 4434, et al, v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989).   Another factor is the "nature and extent of intervenors' interest." *Orleans Public Service, Inc. v. United Gas Pipeline Co., Inc.*, 732 F.2d 452, n.40 (5th Cir. 1984).

These factors all weigh in favor of granting The HSUS intervention.  With reference to the arguments made in Section I, given The HSUS's long-standing advocacy for animal fighting legislation, the nature and extent of its interest could hardly be greater.  Nor does The HSUS seek to raise new claims or issues as against the existing parties.  Further, The HSUS also is not likely to be adequately represented by the parties.  While its ultimate objective may be the same as the United States – the survival of Section 26 of the AWA – The HSUS's arguments, perspective, and interests will differ from those of the U.S. Government.  Unlike the government's broad consideration of multiple public interest concerns, The HSUS's sole focus is the welfare of the animals involved. Moreover, The HSUS's expertise on state-level bans and related enforcement activity exceeds that of either party.  Thus, The HSUS's participation will significantly contribute to the full development of the underlying issues.  The Court should, therefore, exercise its discretion and permit The HSUS to intervene.

:99419955-1                                     20

## III.    CONCLUSION

For the foregoing reasons, the Court should grant The HSUS leave to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a).  In the alternative, the Court should grant The HSUS leave to intervene pursuant to its discretion under Federal Rule of Civil Procedure 24(b).

Respectfully submitted,

By: _____

Mary Ellen Roy, T.A. (Bar #14388)
PHELPS DUNBAR LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534
(504) 584-9254
(504) 568-9130  (fax)

*Attorneys for Intervenor*
*The Humane Society of the United*
*States*

Of Counsel:

Mark D. Colley, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C.  20006
Tel.: (202) 955-3000
Fax: (202) 955-5564

J. Brett Grosko, Esq.
Holland & Knight LLP
701 Brickell Avenue
Suite 3000
Miami, Florida  33131
Tel: (305) 374-8500
Fax: (305) 789-7799

:99419955-1                         21

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of December, 2003, served a copy of the foregoing pleading on the Hon. Judge Rebecca F. Doherty by Federal Express, and upon counsel for all parties to this proceeding by facsimile and United States mail, properly addressed, and first-class postage prepaid.

*Mary Ea Roy*

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

DEC 1 6 2003

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

UNITED GAMEFOWL BREEDERS          *
ASSOCIATION, INC., et al.,
                                  *    CIVIL ACTION NO. 03-CV-970
    Plaintiff,                 *
                                  *    JUDGE DOHERTY
    v.                         *
                                  *    MAGISTRATE JUDGE HILL
ANNE VENEMAN, IN HER              *
OFFICIAL CAPACITY AS             *
SECRETARY, UNITED STATES
DEPARTMENT OF AGRICULTURE,        *

PETER FERNANDEZ, IN HIS           *
OFFICIAL CAPACITY AS ACTING
ADMINISTRATOR OF THE              *
ANIMAL AND PLANT HEALTH
INSPECTION SERVICE, and           *

JOHN ASHCROFT, IN HIS             *
OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF THE           *
UNITED STATES,
                                  *
    Defendants.

\*     \*     \*     \*     \*     \*     \*

**INTERVENOR THE HUMANE SOCIETY OF THE UNITED STATES'S
CERTIFICATE OF COMPLIANCE WITH UNIFORM LOCAL RULE 7.6W**

Intervenor The Humane Society of the United States ("The HSUS") by and

through the undersigned, hereby certifies its compliance with Uniform Local

Rule 7.6W of the United States District Courts for the Eastern, Middle, and

Western Districts of Louisiana, and in support states:

1.     Counsel for Intervenor, The HSUS, have contacted counsel for Plaintiffs to ascertain whether Plaintiffs consent to The HSUS's Motion to Intervene.   Plaintiffs' counsel Armand Brinkhaus referred this inquiry to Plaintiffs' counsel John R. Kramer.  Mr. Kramer advised counsel for Intervenor, The HSUS, that he was not able at this time to state a position on behalf of his clients.

2.     Counsel for Intervenor, The HSUS, have contacted counsel for Defendants to ascertain whether the Defendants consent to The HSUS's Motion to Intervene.  Defendants, through counsel, have stated that they do consent to The HSUS's Motion to Intervene.

Respectfully submitted,

By: _____
Mary Ellen Roy, T.A. (No. 14388)
PHELPS DUNBAR LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534
(504) 584-9254
(504) 568-9130  (fax)

*Attorneys for Intervenor*
*The Humane Society of the United*
*States*

Of Counsel:

Mark D. Colley, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C.  20006
Tel.: (202) 955-3000
Fax: (202) 955-5564

Brett Grosko, Esq.
Holland & Knight LLP
701 Brickell Avenue
Suite 3000
Miami, Florida  33131
Tel: (305) 374-8500
Fax: (305) 349-2296

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 15th day of December, 2003, served a copy of the foregoing pleading on the Hon. Judge Rebecca F. Doherty by Federal Express, and upon counsel for all parties to this proceeding by facsimile and by United States mail, properly addressed, and first-class postage prepaid.

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE DIVISION**

UNITED GAMEFOWL BREEDERS           *
ASSOCIATION, INC., et al.,
                                   *    CIVIL ACTION NO. 03-CV-970
    Plaintiff,
                                   *    JUDGE DOHERTY
    v.
                                   *    MAGISTRATE JUDGE HILL
ANNE VENEMAN, IN HER
OFFICIAL CAPACITY AS               *
SECRETARY, UNITED STATES
DEPARTMENT OF AGRICULTURE,          *

PETER FERNANDEZ, IN HIS            *
OFFICIAL CAPACITY AS ACTING
ADMINISTRATOR OF THE               *
ANIMAL AND PLANT HEALTH
INSPECTION SERVICE, and            *

JOHN ASHCROFT, IN HIS              *
OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF THE            *
UNITED STATES,
                                   *
    Defendants.

\*    \*    \*    \*    \*    \*    \*

**INTERVENOR THE HUMANE SOCIETY OF THE UNITED STATES'S
AMENDED CERTIFICATE OF COMPLIANCE WITH UNIFORM LR7.6W**

    Intervenor The Humane Society of the United States ("The HSUS") by and

through the undersigned, hereby certifies its compliance with Uniform Local

Rule 7.6W of the United States District Courts for the Eastern, Middle, and

Western Districts of Louisiana, and in support states:

1.     Counsel for Intervenor, The HSUS, have contacted counsel for Plaintiffs to ascertain whether Plaintiffs consent to The HSUS's Motion to Intervene.   Plaintiffs' counsel Armand Brinkhaus referred this inquiry to Plaintiffs' counsel John R. Kramer.   On December 16, 2004, Mr. Kramer advised undersigned counsel for Intervenor, The HSUS, that the Plaintiffs do consent to The HSUS's Motion to Intervene.

2.     Counsel for Intervenor, The HSUS, have contacted counsel for Defendants to ascertain whether the Defendants consent to The HSUS's Motion to Intervene.   Defendants, through counsel, have stated that they do consent to The HSUS's Motion to Intervene.

Respectfully submitted,

By: _____

Mary Ellen Roy, T.A. (No. 14388)
PHELPS DUNBAR LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534
(504) 584-9254
(504) 568-9130  (fax)

*Attorneys for Intervenor*
*The Humane Society of the United States*

Of Counsel:

Mark D. Colley, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C.  20006
Tel.: (202) 955-3000
Fax: (202) 955-5564

Brett Grosko, Esq.
Holland & Knight LLP
701 Brickell Avenue
Suite 3000
Miami, Florida  33131
Tel: (305) 374-8500
Fax: (305) 349-2296

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 16th day of December, 2003, served a copy of the foregoing pleading on the Hon. Judge Rebecca F. Doherty by Federal Express, and upon counsel for all parties to this proceeding by facsimile and by United States mail, properly addressed, and first-class postage prepaid.

*Mary EnRoy*

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE  DIVISION

## <u>NOTICE OF DOCUMENTATION NOT FILED IN RECORD</u>

**CASE# 03CV0970**

**UNITED GAMEFOWL BREEDERS ASS. INC., ET AL**

> **VS.**

**ANNE VENEMAN, ET AL**

**ATTACHMENTS TO:**

> **DOCUMENT#:   22**
>
> **DESCRIPTION: MOTION TO INTERVENE**
>
> **FILED BY:       HUMANE SOCIETY OF U.S.**
>
> **FILE DATE:      DECEMBER 16, 2003**
>
> **HAVE BEEN PLACED IN AN ACCORDIAN FOLDER**

> > > > **DEBORAH BERRY**
> > > > _____
> > > > **DEPUTY CLERK**



RECEIVED

DEC 1 6 2003

ROBERT H. _____ ___RK
WESTERN DIST____ ___ _A
SHREVEPORT, __ _____ __

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

UNITED GAME FOWL BREEDERS
ASSOCIATION, INC., et al.             *     CIVIL ACTION NO. 03-CV-970

VERSUS                                *     JUDGE DOHERTY

VENEMAN, ET AL                        *     MAGISTRATE JUDGE HILL

*     *     *     *     *     *     *

## ORDER

Considering the foregoing Motion to Intervene by The Humane Society of The United States, and the Memorandum in Support of that Motion;

IT IS HEREBY ORDERED that the Motion to Intervene by The Humane Society of The United States is GRANTED.

Lafayette, Louisiana, this _____ day of December, 2003.

_____
UNITED STATES DISTRICT JUDGE

:99419936-1



# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | | |
|---|---|---|
| UNITED GAMEFOWL BREEDERS ASSOCIATION, INC., et al., | * | |
| | * | CIVIL ACTION NO. 03-CV-970 |
| Plaintiff, | * | |
| | * | JUDGE DOHERTY |
| v. | * | |
| | * | MAGISTRATE JUDGE HILL |
| ANNE VENEMAN, IN HER OFFICIAL CAPACITY AS SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, et al. | * | |
| | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*    \*    \*    \*    \*    \*    \*

## ANSWER IN INTERVENTION

Intervenor-Defendant The Humane Society of the United States ("The HSUS") submits this Answer In Intervention to the Complaint for Temporary Restraining Order, Preliminary and Permanent Injunction, and Other Relief, filed by Plaintiffs in the captioned action. In response to the averments in the Complaint, The HSUS answers as follows:

### I.
### NATURE OF THE ACTION

The allegations in this section of the Complaint are introductory in nature and require no answer. This section also purports to describe generally

the statutory provisions at issue and in answer The HSUS states that the provisions speak for themselves.

## II.
## PARTIES

The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this section of the Complaint.

## III.
## JURISDICTION AND VENUE

The HSUS admits to this Court's subject matter jurisdiction.

The HSUS is without knowledge or information sufficient to form a belief as to whether venue is proper in this District.

## IV.
## GENERAL ALLEGATIONS

1.     The HSUS admits that the Animal Welfare Act ("AWA") was amended in 2002.   As to the remaining allegations of this paragraph, the amendments speak for themselves.

2.     The HSUS admits that AWA amendments were adopted by the 107th Congress and that their consideration during that Congress is a matter of record, but by way of further answer notes that these provisions were also considered in the 106th Congress.

3.     The HSUS denies the allegation that Congress gave the challenged amendments "very little attention."   The Act's revision in 1976 is a matter of record and the provisions adopted speak for themselves.

4.     The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity averments in this paragraph.

5.    The HSUS admits that as of 1976, 47 states had banned cockfighting.  The HSUS denies the characterizations of the proceedings related to adoption of the 2002 amendments to the AWA.   The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

6.    The HSUS denies these argumentative characterizations of the purposes and effect of the 1976 and 2002 amendments to the AWA.

7.    The HSUS denies the characterization of the pertinent legislative record.  The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

8.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

9.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

10.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

11.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

12.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

13.    The HSUS denies the characterization of positions taken by state law enforcement officials in support of the 2002 AWA amendments.  The remainder of this paragraph consists solely of argument rather than factual allegation and thus requires no reply, but to the extent a response is required, the averments in this paragraph are denied.

14.    Denied.

15.    The HSUS denies the generality of these allegations, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in specific instances.

16.    The HSUS denies the generality of these allegations, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in specific instances.

17.    The HSUS denies the generality of these allegations, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in specific instances.

## V.
### COUNT ONE – LACK OF AUTHORITY UNDER THE INTERSTATE COMMERCE CLAUSE

18.    All of the foregoing responses are incorporated by reference.

19.    Denied.

## VI.
## COUNT TWO - DEPRIVATION OF DUE PROCESS

20.   All of the foregoing responses are incorporated by reference.

21.   Denied.

22.   The HSUS admits that the AWA was amended in 1976 and 2002 with regard to animal fighting.  The HSUS denies the further characterization of the legislative history.

23.   The HSUS admits that an overwhelming Congressional majority supported the 2002 AWA amendments, that hearings were conducted in connection with that legislative activity, and that a committee report was prepared.  The HSUS denies the further argumentative characterization of the legislative activity.

## VII.
## COUNT THREE – DENIAL OF EQUAL PROTECTION

24.   All of the foregoing responses are incorporated by reference.

25.   This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

26.   This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

27.   This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

28.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

## VIII.
## THE IMPACT UPON PLAINTIFFS

29.    Admitted.

30.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

31.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

32.    No response to this allegation is required, as Plaintiff Kinsinger has been dismissed as a party due to lack of standing.

33.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

34.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

35.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

36.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

## IX.
## INJUNCTIVE RELIEF – TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIONS

37.    [SIC] All of the foregoing responses are incorporated by reference.

38.    As the request for a temporary restraining order has been denied, no response to this averment is required.

39.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

40.    Denied.

## X.
## DECLARATORY JUDGMENT

41.    All of the foregoing responses are incorporated by reference.

42.    The HSUS admits that plaintiffs have raised constitutional challenges to the AWA, but denies that those challenges are legitimate.

## PRAYER

The HSUS denies that Plaintiffs are entitled to any judgment or relief in their favor.

Respectfully submitted,

By:    _____
Mary Ellen Roy, T.A. (Bar No. 14388)
PHELPS DUNBAR LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534
Telephone:  (504) 584-9254
Facsimile:  (504) 568-9130

**COUNSEL FOR INTERVENOR
THE HUMANE SOCIETY OF THE
UNITED STATES**

Of Counsel:

Mark D. Colley, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C.  20006
Tel.: (202) 955-3000
Fax: (202) 955-5564

Brett Grosko, Esq.
Holland & Knight LLP
701 Brickell Avenue
Suite 3000
Miami, Florida  33131
Tel: (305) 374-8500
Fax: (305) 349-2296

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 19th day of December, 2003, served

a copy of the foregoing pleading on the Hon. Judge Rebecca F. Doherty by

Federal Express, and upon counsel for all parties to this proceeding by United

States mail, properly addressed, and first-class postage prepaid.

_____

- 8 -

# PHELPS DUNBAR LLP
### —— COUNSELORS AT LAW ——

New Orleans, LA

Baton Rouge, LA

Houston, TX

London, England

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
(504) 566-1311
Fax (504) 568-9130

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

**MARY ELLEN ROY**
Partner
NEW ORLEANS OFFICE
(504) 584-9254
roym@phelps.com

www.phelpsdunbar.com R E C E I V E D
December 15, 2003

DEC 1 ᵕ 2003

6089-55

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**VIA FEDERAL EXPRESS**

Hon. Robert H. Shemwell
Clerk of Court
USDC, Western District of Louisiana
1167 U.S. Courthouse
300 Fannin Street
Shreveport, LA 71101-3083

> Re:   *United Gamefowl Breeders, et al v. Ann Veneman, et al,*
> *USDC, W. D. La., No. CV03-0970*

Dear Mr. Shemwell:

　　Please find enclosed an original and two copies of the Motion to Intervene, Memorandum in Support, Certificate of Compliance with Uniform Local Rule 7.6W, and proposed Order. Please file the originals into the record of the above-captioned case and return date-stamped copies of each to me in the enclosed self-addressed, stamped envelope.

　　Thank you for assistance.

Sincerely,

Mary Ellen Roy

MER/sbb
Enclosures
cc:　　Hon. Rebecca F. Doherty (Via Federal Express)(w/enc.)
　　　　Hon. C. Michael Hill (Via Federal Express)(w/enc.)
　　　　Mr. Armand J. Brinkhaus (Via Telecopy and First Class Mail)(w/enc.)
　　　　Mr. John R. Kramer (Via Telecopy and First Class Mail)(w/enc.)
　　　　Mr. Thomas W. Millet (Via Telecopy and First Class Mail)(w/enc.)

NO:99419786.1

# PHELPS DUNBAR LLP
—— COUNSELORS AT LAW ——

New Orleans, LA

Baton Rouge, LA

Houston, TX

London, England

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
(504) 566-1311
Fax (504) 568-9130

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

**MARY ELLEN ROY**
Partner
NEW ORLEANS OFFICE
(504) 584-9254
roym@phelps.com

www.phelpsdunbar.com
December 16, 2003

6089-55

**VIA FEDERAL EXPRESS**

Hon. Robert H. Shemwell
Clerk of Court
USDC, Western District of Louisiana
1167 U.S. Courthouse
300 Fannin Street
Shreveport, LA  71101-3083

RECEIVED

DEC 17 2003

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

Re:  *United Gamefowl Breeders, et al v. Ann Veneman, et al,*
USDC, W. D. La., No. CV03-0970

Dear Mr. Shemwell:

Please find enclosed an original and two copies of the Amended Certificate of Compliance
with Uniform LR7.6W.  Please file the original into the record of  the above-captioned case and
return date-stamped copies to me in the enclosed self-addressed, stamped envelope.

Thank you for assistance.

Sincerely,

Mary Ellen Roy

MER/sbb
Enclosures
cc:   Hon. Rebecca F. Doherty (Via Federal Express)(w/enc.)
Hon. C. Michael Hill (Via Federal Express)(w/enc.)
Mr. Armand J. Brinkhaus (Via Telecopy and First Class Mail)(w/enc.)
Mr. John R. Kramer (Via Telecopy and First Class Mail)(w/enc.)
Mr. Thomas W. Millet (Via Telecopy and First Class Mail)(w/enc.)

NO:99420331.1

# PHELPS DUNBAR LLP

— COUNSELORS AT LAW —

New Orleans, LA

Baton Rouge, LA

Houston, TX

London, England

Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
(504) 566-1311
Fax (504) 568-9130

Jackson, MS

Tupelo, MS

Gulfport, MS

Tampa, FL

**MARY ELLEN ROY**
Partner
NEW ORLEANS OFFICE
(504) 584-9254
roym@phelps.com

www.phelpsdunbar.com

December 19, 2003

RECEIVED

DEC 2 2 2003   6089-55

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

## VIA FEDERAL EXPRESS

Hon. Robert H. Shemwell
Clerk of Court
USDC, Western District of Louisiana
1167 U.S. Courthouse
300 Fannin Street
Shreveport, LA  71101-3083

Re:   *United Gamefowl Breeders, et al. v. Ann Veneman, et al.,*
      USDC, W. D. La., No. CV03-0970

Dear Mr. Shemwell:

Please find enclosed an original and two copies of the Answer in Intervention which is being filed in compliance with a deficiency notice received from the Court.  Please file the original into the record of  the above-captioned case and return a date-stamped copy to me in the enclosed self-addressed, stamped envelope.

Thank you for assistance.

Sincerely,

Mary Ellen Roy

MER/kcm
Enclosures
cc:   Hon. Rebecca F. Doherty (Via Federal Express)(w/enc.)
      Hon. C. Michael Hill (Via Federal Express)(w/enc.)
      Mr. Armand J. Brinkhaus (Via First Class Mail)(w/enc.)
      Mr. John R. Kramer (Via First Class Mail)(w/enc.)
      Mr. Tim H. Nusraty (Via First Class Mail)(w/enc.)

NO:99420593.2