

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
Received
DEC 2 2 2003
ROBERT H. SHEMWELL, CLERK
BY _____ DUTY
FILED
USDC, WESTERN DISTRICT OF L.
ROBERT H. SHEMWELL, CLERK
DATE __1 / 16 / 2004__
BY _____

| | |
|---|---|
| UNITED GAMEFOWL BREEDERS ASSOCIATION, INC., et al., * | |
| * | CIVIL ACTION NO. 03-CV-970 |
| Plaintiff, | |
| * | JUDGE DOHERTY |
| v. | |
| * | MAGISTRATE JUDGE HILL |
| ANNE VENEMAN, IN HER OFFICIAL CAPACITY AS * SECRETARY, UNITED STATES DEPARTMENT OF AGRICULTURE, * et al. | |
| * | |
| Defendants. | |
| * | |

\*     \*     \*     \*     \*     \*     \*

## ANSWER IN INTERVENTION

Intervenor-Defendant The Humane Society of the United States ("The HSUS") submits this Answer In Intervention to the Complaint for Temporary Restraining Order, Preliminary and Permanent Injunction, and Other Relief, filed by Plaintiffs in the captioned action.  In response to the averments in the Complaint, The HSUS answers as follows:

## I.
## NATURE OF THE ACTION

The allegations in this section of the Complaint are introductory in nature and require no answer.  This section also purports to describe generally



NO 99421282.1

the statutory provisions at issue and in answer The HSUS states that the provisions speak for themselves.

## II.
## PARTIES

The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this section of the Complaint.

## III.
## JURISDICTION AND VENUE

The HSUS admits to this Court's subject matter jurisdiction.

The HSUS is without knowledge or information sufficient to form a belief as to whether venue is proper in this District.

## IV.
## GENERAL ALLEGATIONS

1.     The HSUS admits that the Animal Welfare Act ("AWA") was amended in 2002.   As to the remaining allegations of this paragraph, the amendments speak for themselves.

2.     The HSUS admits that AWA amendments were adopted by the 107th Congress and that their consideration during that Congress is a matter of record, but by way of further answer notes that these provisions were also considered in the 106th Congress.

3.     The HSUS denies the allegation that Congress gave the challenged amendments "very little attention."   The Act's revision in 1976 is a matter of record and the provisions adopted speak for themselves.

4.     The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity averments in this paragraph.

5.    The HSUS admits that as of 1976, 47 states had banned cockfighting. The HSUS denies the characterizations of the proceedings related to adoption of the 2002 amendments to the AWA. The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining averments in this paragraph.

6.    The HSUS denies these argumentative characterizations of the purposes and effect of the 1976 and 2002 amendments to the AWA.

7.    The HSUS denies the characterization of the pertinent legislative record. The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

8.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

9.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

10.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

11.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

12.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

13.    The HSUS denies the characterization of positions taken by state law enforcement officials in support of the 2002 AWA amendments.   The remainder of this paragraph consists solely of argument rather than factual allegation and thus requires no reply, but to the extent a response is required, the averments in this paragraph are denied.

14.    Denied.

15.    The HSUS denies the generality of these allegations, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in specific instances.

16.    The HSUS denies the generality of these allegations, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in specific instances.

17.    The HSUS denies the generality of these allegations, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in specific instances.

**V.**
**COUNT ONE – LACK OF AUTHORITY UNDER**
**THE INTERSTATE COMMERCE CLAUSE**

18.    All of the foregoing responses are incorporated by reference.

19.    Denied.

## VI.
### COUNT TWO - DEPRIVATION OF DUE PROCESS

20.   All of the foregoing responses are incorporated by reference.

21.   Denied.

22.   The HSUS admits that the AWA was amended in 1976 and 2002 with regard to animal fighting.  The HSUS denies the further characterization of the legislative history.

23.   The HSUS admits that an overwhelming Congressional majority supported the 2002 AWA amendments, that hearings were conducted in connection with that legislative activity, and that a committee report was prepared.  The HSUS denies the further argumentative characterization of the legislative activity.

## VII.
### COUNT THREE – DENIAL OF EQUAL PROTECTION

24.   All of the foregoing responses are incorporated by reference.

25.   This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

26.   This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

27.   This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

28.    This paragraph consists solely of professed surmise and argument rather than factual allegation and thus requires no response, but to the extent a response is required, the averments in this paragraph are denied.

## VIII.
## THE IMPACT UPON PLAINTIFFS

29.    Admitted.

30.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

31.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

32.    No response to this allegation is required, as Plaintiff Kinsinger has been dismissed as a party due to lack of standing.

33.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

34.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

35.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

36.    The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

## IX.
## INJUNCTIVE RELIEF – TEMPORARY RESTRAINING ORDER,
## PRELIMINARY AND PERMANENT INJUNCTIONS

37.    [SIC] All of the foregoing responses are incorporated by reference.

38.   As the request for a temporary restraining order has been denied, no response to this averment is required.

39.   The HSUS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

40.   Denied.

## X.
## DECLARATORY JUDGMENT

41.   All of the foregoing responses are incorporated by reference.

42.   The HSUS admits that plaintiffs have raised constitutional challenges to the AWA, but denies that those challenges are legitimate.

## PRAYER

The HSUS denies that Plaintiffs are entitled to any judgment or relief in their favor.

Respectfully submitted,


By:   _____
Mary Ellen Roy, T.A. (Bar No. 14388)
PHELPS DUNBAR LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534
Telephone:  (504) 584-9254
Facsimile:  (504) 568-9130

**COUNSEL FOR INTERVENOR
THE HUMANE SOCIETY OF THE
UNITED STATES**

Of Counsel:

Mark D. Colley, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W.
Suite 100
Washington, D.C.  20006
Tel.: (202) 955-3000
Fax: (202) 955-5564

Brett Grosko, Esq.
Holland & Knight LLP
701 Brickell Avenue
Suite 3000
Miami, Florida  33131
Tel: (305) 374-8500
Fax: (305) 349-2296

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 19th day of December, 2003, served a copy of the foregoing pleading on the Hon. Judge Rebecca F. Doherty by Federal Express, and upon counsel for all parties to this proceeding by United States mail, properly addressed, and first-class postage prepaid.

- 8 -